UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Shaikeil Ulysses Fautner, | |
| Plaintiff, | Civil No. 25-cv-00548 (MPS) |
| v. | |
| Mary Hasseler, | |
| Defendant. | June 9, 2025 |

## RULING AND ORDER ON MOTION
## FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

This is a prison civil rights lawsuit brought by Shaikeil Fautner, an inmate at Corrigan-Radgowski Correctional Center. Along with his complaint, Mr. Fautner filed a motion for leave to proceed *in forma pauperis* ("IFP") – that is, without paying the filing fee. (ECF No. 2.) He filed a second IFP motion after the Court explained how the first was insufficient. (ECF Nos. 9, 16.) For the following reasons, his second motion will be granted.

When a plaintiff files a complaint in federal court, typically he must pay filing and administrative fees totaling $405, *see* 28 U.S.C. § 1914, but courts may nevertheless authorize a plaintiff to proceed "without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson,* 575 U.S. 532 (2015) (holding that plaintiffs who qualify for IFP status "may commence a civil action without prepaying fees or paying certain expenses"). When a plaintiff seeks leave to proceed IFP, the court must determine whether he has demonstrated sufficient economic need to proceed without prepaying the required filing fee. 28 U.S.C. § 1915(a)(1). To demonstrate economic need sufficient to justify IFP status, a plaintiff does not

need to prove absolute destitution. *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam). He does, however, need to show that "paying such fees would constitute a serious hardship," *Feibelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007), and that he would not be able to provide himself or his dependents "with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

For a prisoner's IFP application to be complete, there is an additional procedural requirement. Prisoner plaintiffs must submit "a certified copy of [their] trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." *See* 28 U.S.C. § 1915(a)(2).

In this case, Mr. Fautner cannot afford the $405 filing fee. His trust account statement certified by a prison official shows a balance of $134.40 on April 21, 2025. Further, his trust account statement balances from the six months prior to filing do not exceed $200. Though Mr. Fautner did not state in his application the amount of money that he spends on necessities of life not provided to him by the Department of Corrections, he did provide a running ledger of transactions which shows that his account balance did not exceed $200 at any time from October 8, 2024, to April 21, 2025. For the foregoing reasons, Mr. Fautner's second motion for leave to proceed *in forma pauperis* (ECF No. 16) is granted, and his first (ECF No. 2) is denied as moot.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge